UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO MENDEZ JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>COUNTY OF SACRAMENTO; and<br>DOES 1-20, inclusive,<br><br>Defendants. | No. 2:17-cv-01914-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS** |

Luis Alberto Mendez Jimenez ("Plaintiff") sued the United States of America and the County of Sacramento for their respective roles in Plaintiff's detention, attempted suicide, and resulting injuries. Defendant United States of America (the "United States") moves to dismiss Plaintiff's claims against it on jurisdictional grounds. For the reasons set forth below, the Motion to Dismiss is granted.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 30, 2018.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The following facts are taken as true for the purposes of this motion:

On August 15, 2016, Immigration Customs Enforcement ("ICE") officers apprehended Plaintiff in San Jose, California, on suspicion of being present in the United States without authorization. First Amended Complaint ("FAC"), ECF No. 11-1, ¶ 10. The officers detained him in San Jose, California. Id. at ¶ 11. Plaintiff signed a voluntary departure form on August 15, 2016, before Deportation Officer J. Freer. Id. Plaintiff was given a Notice to Appear form by Deportation Officer Galvez for an unscheduled hearing before an Immigration Judge. Id. Upon his arrest, Plaintiff informed the ICE officers of his psychological condition and previous incidents of self-harm. Id. He asked permission to go to his home to retrieve his psychiatric medications, but the officers denied the request. Id.

Sometime after his arrest on August 15, 2016, Plaintiff was transferred and placed into immigration detention at Rio Consumnes Correctional Center ("RCCC") in Elk Grove. Id. at ¶ 12. During his intake he informed staff of his psychological history, treatment, and past incidents of self-harm. Id. at ¶ 13. He informed them of his medication and need to continue taking it. Id. On October 23, 2016, while housed at RCCC, Plaintiff attempted to commit suicide by jumping from an elevated location and striking his head and upper body on the surface below. Id. at ¶ 15. As a result, Plaintiff suffers from injuries including tetraplegia, neurogenic bowel and bladder, spinal cord injuries, factures at and near the C-6 vertebra,

2

scalp lacerations, functional deficits, respiratory failure, traumatic brain injury, and other injuries. Id.

Plaintiff sued the United States of America, the County of Sacramento, and individual officers (Does) in this Court under the Federal Tort Claims Act (the United States), Fifth Amendment (individual U.S. Officers), California Tort Claims Act (County of Sacramento), and 42 U.S.C. § 1983 (individual County Officers). The parties filed a Stipulation for Leave to File a First Amended Complaint and the FAC was deemed filed upon the Court's signing of the Order. ECF Nos. 11 & 12.

## II. OPINION

### A. Request for Judicial Notice

Plaintiff seeks judicial notice of excerpts from the Performance-Based National Detention Standards issued by U.S. Immigration and Customs Enforcement. ECF No. 18-7. The United States has not opposed this request. The document appears to be a government document, available on a government website, and a source whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201; Baires v. United States, No. C 09-05171 CRB, 2011 WL 6140998 (N.D. Cal. Dec. 9, 2011) (stating that the 2007 National Detention Standards appear to meet the Rule 201 standard). The Court takes judicial notice of these standards.

### B. Legal Standard

The United States seeks to dismiss Plaintiff's Federal Tort Claims Act ("FTCA") claims under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks jurisdiction to decide these claims.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack challenges the sufficiency of the complaint based on the allegations contained in the complaint. Id. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

The United States attacks jurisdiction on both facial and factual grounds.

    C.   Federal Tort Claims Act Claims

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "The United States has waived its sovereign immunity with regard to tort liability under the Federal Tort Claims Act 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Chadd v. United States, 794 F.3d 1104, 1108 (9th Cir. 2015) (citing 28 U.S.C. § 1346(b)(1)). But this waiver has some exceptions, two of which pertain to this case.

The first exception bars suits under FTCA for actions taken by a "contractor" working with the United States. 28 U.S.C. § 2671. "The critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day

4

operations' of the contractor, and not whether the agency must comply with federal standards and regulations." Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993) (quoting Ducey v. United States, 713 F.2d 504, 516 (9th Cir. 1983)).

Second, "the discretionary function exception retains the United States's sovereign immunity for '[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Id. (citing 28 U.S.C. § 2680(a)). This exception protects "legislative and administrative decisions grounded in social, economic, and political policy" from judicial second guessing. Id.

Courts apply a two-step inquiry to evaluate whether a claim falls into this exception. First, the Court must examine whether the government's actions were discretionary in nature; that is, if a statute or policy directs mandatory and specific action, then there is no element of discretion involved and the inquiry ends. Id. at 1109. If the actions did involve an element of judgment, then the Court asks whether the government actions and decisions were susceptible policy analysis. Id. "The exception protects only government actions and decisions based on social, economic, and political policy." Miller v. United States, 163 F.3d 591, 593 (9th Cir. 1998). If the actions taken, by their nature, are not susceptible to policy analysis, then the exception does not apply. Chadd, 794 F.3d at 1109.

The United States asserts that each of these exceptions apply to Plaintiff's FTCA claims.

D. Analysis

1. Control Over County and County Officers

Preliminarily, Plaintiff concedes that the United States did not closely supervise the detention of Plaintiff and others at RCCC and does not oppose the United States' motion to dismiss the allegations regarding Plaintiff's detention at RCCC as to the United States. Opp. at 1. Essentially, Plaintiff acknowledges that the "contractor" exception precludes his FTCA claim insofar as it is premised on the County's and County Officers' actions. See Logue v. United States, 412 U.S. 521 (1973) (an employee for a county jail—contracted for services by the United States but whose personnel is not under United States' control—was found not to be an employee of a federal agency for the purposes of the FTCA). In light of Plaintiff's concessions, the Court dismisses, with prejudice, the FTCA claim inasmuch as it is based on the County's and County Officers' alleged actions.

2. Failure to Provide Medical Care

Removing those allegations from the picture, Plaintiff's FTCA claim is premised on the ICE officers' failure to give Plaintiff necessary medical care upon detaining him. FAC at ¶ 20. This failure includes their denying his request to go home to get his medication. Opp. at 5.

The United States argues that it cannot be held liable for these decisions because the FTCA's discretionary function exception applies.

Plaintiff points the Court to ICE's "Performance-Based National Detention Standards 2011 (Revised 2016)" ("PBNDS") for the specific provisions regarding medical practices during

transfers of detainees to different facilities. Opp. at 5-7. The ICE officers, he argues, violated these provisions when they failed to ascertain what medicine Plaintiff needed and prevented him from retrieving it. Id. at 7.

These standards are inapplicable. The standards Plaintiff cites apply to "the following types of facilities housing ICE/ERO detainees: Service Processing Centers (SPCs); Contract Detention Facilities (CDFs); and State or local government facilities used by ERO through Intergovernmental Service Agreements (IGAs) to hold detainees for more than 72 hours." PBNDS at 257. The sub-sections Plaintiff cites set forth procedures for medical providers at the enumerated detention facilities to follow with respect to detainees in their care. See PBNDS at 276 ("Continuity of Care"), 278 ("Transfer of Medical Information"), 457 ("Expected Outcomes"), and 459 ("Responsibilities of the Health Care Provider at the Sending Facility"). There is no indication—explicit or implicit—that these standards apply to arresting officers transporting a new detainee to a detention center following arrest and initial processing at a sub-office. See Galvez Decl., ECF No. 16-2, ¶¶ 5-7, 12. Plaintiff has failed to identify a statute, regulation, or policy that dictates a mandatory and specific action not taken here. The decision, therefore, involves the exercise of discretion.

The second line of inquiry also favors the United States. The decision whether or not to permit an arrestee to return home to retrieve medication is a decision susceptible to social, economic, and political policy analysis. See Miller, 163 F.3d at 593. In deciding whether to return to an arrestee's home, an

arresting officer might weigh the risks to their own, fellow officers', detainee's, and bystanders' safety, as well as the propriety of deferring to the detention facilities' medical staff and intake procedures.  Therefore, this decision is discretionary and falls into the discretionary function exception.

### 3. False Imprisonment

Lastly, Plaintiff argues that the United States is liable under the FTCA for false imprisonment because Plaintiff signed a voluntary departure form upon arrest but was thereafter detained. Opp. at 9.

The FAC does not allege a false imprisonment claim against the United States. See FAC; Rep. at 1.  Plaintiff's false imprisonment theory of liability is fleshed out in his proposed Second Amended Complaint, but not the operative complaint. Compare ECF No. 18-5 with ECF No. 11-1.  The FTCA claim cannot move forward on a theory Plaintiff failed to allege.

## E. Leave to Amend

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).  But the Court need not grant leave to amend where amendment would be futile. Deveraturda v. Globe Aviation Security Services, 454 F.3d 1043, 1049 (9th Cir. 2006).

Plaintiff has failed to identify any statute or policy that would mandate action in the circumstances alleged in the First Amended Complaint.  Amendment would be futile and is therefore denied.

As to Plaintiff's new claim for false imprisonment, the arguments concerning the claim are best addressed in the pending Motion to Amend. ECF No. 20. The Court reserves its decision on whether to allow Plaintiff to go forward on this claim until the Motion to Amend has been fully briefed and argued.

### III. ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE the United States' Motion to Dismiss Plaintiff's FTCA claim predicated on the failure to provide medical care and actions by the County and County Officers.

IT IS SO ORDERED.

Dated: February 8, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE