UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO MENDEZ JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>COUNTY OF SACRAMENTO; and<br>DOES 1-20, Inclusive,<br><br>Defendants. | No. 2:17-cv-1914-JAM-KJN<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO AMEND** |

Following the United States' filing of its Motion to Dismiss, Luis Alberto Mendez Jiminez ("Plaintiff") filed a Motion for Leave to File a Second Amended Complaint under Federal Rule of Civil Procedure 15(a). For the reasons set forth below, Plaintiff's motion is DENIED insofar as it alleges new facts and claims against the United States and individual United States officers and GRANTED as to the unopposed allegations against the County Defendants.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 13, 2018.

1

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The factual allegations in this case are set forth in the Court's Order Granting Defendant United States of America's Motion to Dismiss, ECF No. 24, and are incorporated herein.

In Plaintiff's proposed Second Amended Complaint ("SAC"), ECF No. 20-1, he further alleges that at the time he was arrested he executed DHS Form I-286, "Notificacion de Derechos y Solicitud de Resolucion" ("Notification of Rights and Application of Resolution). SAC ¶ 21. He signed the form—which was written entirely in Spanish—and in so doing waived his rights to a hearing before an immigration court and requested immediate deportation to his country of origin, Mexico. Id. Despite this consent, the Immigration and Customs Enforcement ("ICE") agents gave Plaintiff a Notice to Appear written entirely in English, without explaining the inconsistencies between the two forms. Id. Instead of processing Plaintiff for expeditious deportation, the ICE agents confined Plaintiff by transporting him for detention at RCCC, causing delay in processing and releasing Plaintiff. Id. at ¶ 22.

II.  OPINION

A.  Legal Standard

Under Rule 15(a), leave to amend is to be freely granted when justice so requires. Fed. R. Civ. P. 15(a). Courts consider five factors in determining whether to grant such leave: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077

(9th Cir. 2004). "Futility alone can justify the denial of a motion to amend." Id. (citation omitted). The party opposing amendment bears the burden of demonstrating any ground for denying the motion. Clark v. Citizens of Humanity, LLC, No. 14-CV-1404 JLS (WVG), 2016 WL 4597527, at *2 (S.D. Cal. May 3, 2016).

B.  FTCA Claim

Plaintiff seeks leave to add allegations supporting his Federal Tort Claims Act ("FTCA") claim against the United States for failure to provide medical care and to add a new claim for false imprisonment. See Mot., Exh. A, ECF No. 20-1. The Court already denied leave to amend Plaintiff's FTCA claim for failure to provide medical care. See Order at 8. That Order is reaffirmed. The motion to amend, therefore, primarily turns on whether to grant Plaintiff leave to add a false imprisonment claim.

Plaintiff's argument in support of leave to amend is sparse. He first contends that granting leave to amend would resolve the Motion to Dismiss and save judicial resources. Mot. at 2. That point is moot. Second, he argues "[a]mending the complaint will not delay the resolution of this case nor will it impose undue prejudice on defendants." Id. at 2-3. Plaintiff did not address the futility or viability of his false imprisonment allegations even though the United States drew attention to this issue in its reply brief to the motion to dismiss. See ECF No. 19; Order at 9 ("As to Plaintiff's new claim for false imprisonment, the arguments concerning the claim are best addressed in the pending Motion to Amend. The Court reserves its decision on whether to

3

allow Plaintiff to go forward on this claim until the Motion to Amend has been fully briefed and argued.").

The United States argues the Court should deny leave to amend because amendment would be futile. Opp. at 1. First, the United States contends the claim is procedurally barred because Plaintiff did not include it in his administrative claim to Immigration and Customs Enforcement ("ICE") as required under the Federal Tort Claims Act. Id. Second, it argues this Court is barred from hearing the claim pursuant to 8 U.S.C. § 1252(g), which strips courts of jurisdiction for claims arising from the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders against aliens. Id. at 4. Plaintiff did not file a reply to the United States' Opposition.

"A federal court's jurisdiction to hear damage actions against the United States is limited by section 2675(a) of the FTCA." Shipek v. United States, 752 F.2d 1352, 1353 (9th Cir. 1985). That section requires a claimant to present her claim to the appropriate Federal agency, and her claim must have been finally denied by writing or lapse of time before she institutes an action against the United States. 28 U.S.C. § 2675(a). The notice requirement is minimal, but a claim should contain at least the fact of the incident, injury, and a sum certain representing damages. See Shipek, 752 F.2d at 1354 ("[W]e have consistently interpreted the notice required under section 2675(a) as minimal. In Avery, the court explained that 'a skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices to overcome an argument that jurisdiction is lacking.'")

4

(quoting Avery v. United States, 680 F.2d 608, 610 (9th Cir. 1982)).

Plaintiff did not include the false imprisonment claim in his administrative complaint nor did he include the facts he now alleges in support of that claim. See Declaration of Joseph B. Frueh, Exh. 6, ECF No. 19-5. He did not specify any injury or damages related to such a claim. Plaintiff has not presented any additional facts or law allowing him to circumvent the exhaustion required under section 2675. Plaintiff's new FTCA claim is therefore procedurally barred. For this reason, Plaintiff's motion to amend the FTCA claim is denied.

C. Bivens Claim

Although no individual federal officers have been named in this action—the Bivens claim is alleged against Does 1-20—and although the United States is not a defendant to Plaintiff's Bivens claim, the Court will, sua sponte, consider the authority the United States cites pertaining to the Court's jurisdiction to entertain the false imprisonment allegations in Plaintiff's Bivens claim. Cf. Valencia-Mejia v. United States, No. CV 08-2943 CAS (PJWX), 2008 WL 4286979, at *4 (C.D. Cal. Sept. 15, 2008) ("The Court finds that defendant [United States] may lack standing to challenge plaintiff's Bivens claim, but nevertheless considers the issue sua sponte.") (deciding a motion to dismiss). The Court does so in light of Plaintiff's deafening silence on these significant jurisdictional questions and in the absence of any named defendants to oppose the amendment on their own behalf.

The United States persuasively argues that the Court's review of Plaintiff's new claim is barred by 8 U.S.C. § 1252(g).

///

Entitled "Exclusive jurisdiction," that sub-section provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The Ninth Circuit has applied this jurisdictional bar to Bivens claims. Sissoko v. Rocha, 509 F.3d 947, 949 (9th Cir. 2007) (concluding that section 1252(g) applied to the plaintiff's Fourth Amendment-based damages (Bivens) claim for false arrest); see also Valencia-Mejia v. United States, No. CV 08-2943 CAS PJWX, 2008 WL 4286979, at *4 n.4 (C.D. Cal. Sept. 15, 2008) ("Given that the Court herein finds that it has no jurisdiction under § 1252(g) to hear plaintiff's challenge to his detention, it seems apparent that, under Sissoko, the Bivens claims are also barred.").

Although this subsection is to be applied "narrowly," Plaintiff's claim falls within its parameters. The Valencia-Mejia court's analysis in an analogous factual situation and is instructive. In that case, the Department of Homeland Security arrested a citizen of Mexico for being present in the United States without admission or parole. Valencia-Mejia, 2008 WL 4286979, at *1. Although he agreed to waive his right to a hearing and agreed to removal (he requested voluntary departure, see id. at n.1), he was nevertheless served with a Notice to Appear before an Immigration Judge. Id. After receiving the

Notice, he waived his right to a 10-day waiting period before a hearing and requested an immediate removal hearing. Id. He remained incarcerated for another month thereafter. Id. He brought a false imprisonment claim against the United States under the FTCA and a Bivens claim against Does 1 through 10 for violating his Fourth Amendment right to be free from unreasonable detention and his Fifth Amendment right to due process. Id.

The Valencia-Mejia court held that under 8 U.S.C. § 1252(g), it could not review the plaintiff's FTCA claims for false imprisonment and negligence. Id. at *4. "[W]hen defendant exercised its discretion to deny plaintiff's request for immediate voluntary departure, but instead issued plaintiff a Notice to Appear before an Immigration Judge, defendant 'commenced removal proceedings' against plaintiff." Id. "It follows that the decision to detain plaintiff until his hearing before the Immigration Judge arose from this decision to commence proceedings." Id. Accordingly, the Valencia-Mejia court concluded, the statute barred review of the claim.

The Valencia-Mejia court further noted that under 8 U.S.C. § 1229c(f), "no court has jurisdiction over an appeal from denial of a request for an order of voluntary departure." Id. It reasoned that "[b]ecause plaintiff's false imprisonment and negligence claims are essentially a challenge to defendant's failure to grant plaintiff's request for voluntary departure, the claims are not reviewable by this Court." Id. Under this statute, too, the court held that it lacked jurisdiction to review the false imprisonment and negligence claims. Id.

The Court finds the reasoning articulated in Valencia-Mejia

persuasive.  Plaintiff has not argued or cited any authority to the contrary.  Consequently, Plaintiff's Bivens claim premised on the ICE agents' decision to give Plaintiff a Notice to Appear and detain him, rather than immediately grant voluntary departure, is not reviewable in this Court and amendment would be futile.  Plaintiff may not amend his Bivens claim.

### D. Claims against the County Defendants

County Defendants do not oppose Plaintiff's motion.  See Statement of Non-Opposition, ECF No. 25.  Plaintiff's Second Amended Complaint adds very little to the allegations against these Defendants.  See SAC ¶ 13.  Leave to amend his complaint as to the County Defendants is granted.

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Amend with respect to his allegations against the United States and the individual ICE agents.  The United States is dismissed with prejudice as a party to this action.  The Court GRANTS Plaintiff's Motion to Amend with respect to his allegations against the County Defendants.  Plaintiff is ordered to file a modified Second Amended Complaint consistent with this Order within one week of the date of this Order.

IT IS SO ORDERED.

Dated: March 14, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8